**WO**                                                                                                        SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Levan,<br>　　　　　Plaintiff,<br>vs.<br>Todd Thomas, et al.,<br>　　　　　Defendants. | No. CV 10-2278-PHX-GMS (LOA)<br><br>**ORDER** |

Plaintiff John Levan, who is a Hawaiian prisoner confined in the Saguaro Correctional Center (SCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.[1] The Court will order Defendants Lewis and Snieder to answer Count III of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees

---

[1] "Doc." refers to the docket number of filings in this case.

according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.    Complaint**

Plaintiff alleges three counts concerning disciplinary proceedings, denial of basic necessities/conditions of confinement, and the use of excessive force.[2] Plaintiff sues SCC Warden Todd Thomas; Assistant Warden Jody Bradley; Corrections Officer (CO) Snieder; and Corrections Counselor Lewis. Plaintiff seeks injunctive, compensatory, and punitive relief.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.    Third Party Allegations**

Plaintiff appears in part to be seeking relief on behalf of other inmates. A "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). Therefore, to the extent that Plaintiff seeks relief on behalf of other inmates, his claims will be dismissed.

**B.    Disciplinary Proceedings**

Plaintiff designates Count I as a claim for violation of due process in connection with disciplinary proceedings. Liberty interests that entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such

---

[2] Plaintiff alleges that he is illiterate and that another inmate drafted his Complaint. Counts I and II (in part) of Plaintiff's Complaint are virtually identical to Counts I and II of inmate Anibal Ortiz's First Amended Complaint in Ortiz v. Griego, No. CV10-1883-PHX-JWS (JRI) (D. Ariz.) (doc. 6), and it appears clear that Ortiz drafted the Complaint in this case. Count III of Plaintiff's Complaint also appears to be in Ortiz's handwriting.

1 an unexpected manner as to give rise to protection by the Due Process Clause of its own
2 force, nonetheless imposes atypical and significant hardship on the inmate in relation to the
3 ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal
4 citations omitted).  Thus, "[a]s long as the conditions or degree of confinement to which the
5 prisoner is subjected is within the sentence imposed upon him and is not otherwise violative
6 of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment
7 by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976).
8 A prisoner may challenge a disciplinary action which deprives or restrains a state-created
9 liberty interest in some "unexpected manner." Ramirez v. Galaza, 334 F.3d 850, 860 (9th
10 Cir. 2003) (citing Sandin, 515 U.S. at 483-84)).  But, a claim that prison officials "added
11 things" to an appeal to mask procedural errors does not, for example, meet this standard
12 because inmates lack a separate constitutional entitlement to a specific prison grievance
13 procedure. Ramirez, 334 F.3d at 860 (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
14 1988)).

15     A prisoner may challenge a state action that imposes an atypical and significant
16 hardship. Sandin, 515 U.S. at 484.  In analyzing whether a hardship is atypical and
17 significant, three guideposts to consider are: (1) the conditions of confinement; (2) the
18 duration of the condition and the degree of restraint imposed; and (3) whether the sanction
19 will affect the duration of the prisoner's sentence. Ramirez, 334 F.3d at 861; Keenan v. Hall,
20 83 F.3d 1083, 1088-89 (9th Cir. 1996).  "Atypicality" requires not merely an empirical
21 comparison, but turns on the importance of the right taken away from the prisoner. See Carlo
22 v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997); see, e.g., Sandin, 515 U.S. at 472 (30
23 days disciplinary segregation is not atypical and significant); Torres v. Fauver, 292 F.3d 141,
24 151 (3d Cir. 2002) (4 months in administrative segregation is not atypical and significant);
25 Griffin v. Vaughn, 112 F.3d 703, 706-708 (3d Cir. 1997) (15 months administrative
26 segregation is not atypical and significant); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir.
27 1997) (6 months of confinement in especially disgusting conditions that were "more
28 burdensome than those imposed on the general prison population were not atypical ... in

1  relation to the ordinary incidents of prison life."); Jones v. Baker, 155 F.3d 810 (6th Cir.
2  1998) (2 years in administrative segregation is not atypical and significant); Jacks v.
3  Crabtree, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical
4  and significant hardship). To determine whether an inmate is entitled to the procedural
5  protections afforded by the Due Process Clause, the Court must look to the particular
6  restrictions imposed and ask whether they "'present the type of atypical, significant
7  deprivation in which a state might conceivably create a liberty interest.'" Mujahid v. Meyer,
8  59 F.3d 931, 932 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 486).

9  In Count I, Plaintiff asserts that inmates are arbitrarily and indefinitely placed in long-
10 term segregation if they refuse to volunteer for the Special Housing Incentive Program
11 (SHIP). In segregation, they are subject to the following: reduced calorie meals that are
12 served in the cell; no commissary privileges, holiday food packages, radio or television, or
13 hobby crafts; the lights are left on all night; visitation is limited to once per month; telephone
14 use is restricted to one 10 minute call per month; showers are limited to three times a week
15 for 10 minutes each and without the availability of a mirror for shaving; recreation is
16 restricted to a single hour when and if officers allow; access to the library is limited to only
17 certain materials and only one per week; no participation in educational, religious, or
18 vocational programs; property allowances are restricted, including clothing, year-round;
19 medical devices such as wheelchairs or crutches are not permitted; no exercise equipment is
20 permitted; cleaning supplies are not provided; and inmates are subjected to daily strip
21 searches and weekly cell searches.

22 Plaintiff alleges that he "came to seg in 2009." (Doc. 1 at 3A.) He otherwise fails to
23 allege facts to support that *he* has or is subject to long-term segregation, including the
24 circumstances of such placement, or that *he* has or is subject to the conditions asserted. Nor
25 does Plaintiff allege facts to support that *he* has or was placed in long-term segregation for
26 disciplinary infractions without due process with the surrounding circumstances. Plaintiff
27 also fails to allege facts to support that any Defendant denied him due process in connection
28 with such placement or conditions. At most, Plaintiff only alleges that Defendants Griego,

1 Carrier, Meiner, Lopez, Bradley, Kalani, Garcia, Betrus, Dobson, and Doe Defendants[3] are
2 members of a classification committee and that Defendant Thomas wrote the policy
3 concerning long-term segregation. Absent additional facts, Plaintiff fails to state a claim for
4 violation of his constitutional rights in Count I and it will be dismissed.

### C. Conditions of Confinement/Basic Necessities

To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002). That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm. Farmer, 511 U.S. at 834. Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave for an Eighth Amendment violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation omitted). These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes v. Chapman, 452 U.S. 337, 348 (1981). Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)). "The more basic the need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d 1287, 1259 (9th Cir. 1982). In addition to alleging facts to support that he is confined in conditions posing a substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety. See Farmer, 511 U.S. at 837. In defining "deliberate indifference" in the prison context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw

---

[3] Plaintiff has not sued any Doe Defendants.

1   the inference." Id. A plaintiff must also allege how he was injured by the alleged
2   unconstitutional conditions. See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1996) (doctrine
3   of standing requires that claimant have suffered or will imminently suffer actual harm).

4   In Count II, Plaintiff alleges denial of sun block, lip balm, lotion, multivitamins,
5   dental floss, and unidentified medical equipment, pursuant to a policy promulgated by
6   Warden Thomas and enforced by "Defendants" Griego, Carrier, Meiner, Lopez, Bradley,
7   Dobson, Kalani, Garcia, and Betrus.[4]

8   As with Count I, Plaintiff fails to set forth specific facts to support that *he* has been
9   denied basic necessities and the surrounding circumstances, such as when, how, how long,
10  and by whom. Rather, Plaintiff makes vague and conclusory allegations of such
11  deprivations. Plaintiff's allegations against Defendants are equally vague and conclusory and
12  insufficient to support that any of them have participated in a violation of *Plaintiff's*
13  constitutional rights. For these reasons, Plaintiff fails to state a claim in Count II.

14  **V.     Claim for Which an Answer Will be Required**

15  Plaintiff sufficiently alleges facts to state a claim for the excessive use of force in
16  Count III against Defendants Lewis and Snieder. Plaintiff alleges that in August 2010,
17  Defendant Lewis threw Plaintiff to the ground while Plaintiff's hands were handcuffed
18  behind him and without provocation. A week later, when Plaintiff was finally being taken
19  to the medical department regarding his injuries, Defendant Snieder slammed Plaintiff's head
20  on the ground, again while Plaintiff's hands were cuffed behind him and without
21  provocation. Defendants Lewis and Snieder will be required to respond to Count III.

22  **VI.    Warnings**

23  **A.     Release**

24  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
25  Also, within days of his release, he must either (1) notify the Court that he intends to pay the
26  balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in

---

[4] Only Bradley has been named as a Defendant in this case.

1  dismissal of this action.

    **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 5.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Counts I and II and Defendants Thomas and Bradley are **dismissed** without prejudice.

(4)     Defendants Lewis and Snieder must answer Count III.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Lewis and Snieder.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court

1  within 21 days of the date of filing of this Order. The United States Marshal will not provide
2  service of process if Plaintiff fails to comply with this Order.

3  (7)  If Plaintiff does not either obtain a waiver of service of the summons or
4  complete service of the Summons and Complaint on a Defendant within 120 days of the
5  filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
6  action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
7  16.2(b)(2)(B)(i).

8  (8)  The United States Marshal must retain the Summons, a copy of the Complaint,
9  and a copy of this Order for future use.

10  (9)  The United States Marshal must notify Defendants of the commencement of
11  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
12  Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The
13  Marshal must immediately file requests for waivers that were returned as undeliverable and
14  waivers of service of the summons. If a waiver of service of summons is not returned by a
15  Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
16  Marshal must:

17  (a) personally serve copies of the Summons, Complaint, and this Order upon
18  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

19  (b) within 10 days after personal service is effected, file the return of service
20  for Defendant, along with evidence of the attempt to secure a waiver of service of the
21  summons and of the costs subsequently incurred in effecting service upon Defendant.
22  The costs of service must be enumerated on the return of service form (USM-285) and
23  must include the costs incurred by the Marshal for photocopying additional copies of
24  the Summons, Complaint, or this Order and for preparing new process receipt and
25  return forms (USM-285), if required. Costs of service will be taxed against the
26  personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
27  Procedure, unless otherwise ordered by the Court.

28  (10)  **A Defendant who agrees to waive service of the Summons and Complaint**

**must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 26th day of January, 2011.

*[Signature: H. Murray Snow]*

G. Murray Snow
United States District Judge