| | |
|---|---|
| 1 | **WO**                                                                                       JDN |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Levan, | ) | No. CV 10-2278-PHX-GMS (LOA) |
|         Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Todd Thomas, et al. | ) | |
|         Defendants. | ) | |

Plaintiff John Levan brought this civil rights action under 42 U.S.C. § 1983 against two employees from the Saguaro Correctional Center (SCC) in Eloy, Arizona (Doc. 1).[1] Plaintiff alleged that in August 2010, without provocation, Correctional Counselor William Lewis threw Plaintiff to the ground while his hands were handcuffed behind him (id.). Plaintiff further alleged that days later, when he was on his way to medical for his resulting injuries, Correctional Officer Robert Schneider slammed Plaintiff's head on the ground, again while his hands were cuffed behind him and without provocation (id.).[2]

Before the Court is Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 10). The Court issued the Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003), which informed Plaintiff of his

---

[1] On screening, the Court dismissed Thomas and Bradley as Defendants (Doc. 6).

[2] Plaintiff's excessive force allegations are set forth in Count III of his Complaint (Doc. 1). The Court dismissed Counts I and II for failure to state a claim (Doc. 6).

obligation to respond and the evidence necessary to successfully rebut Defendants' contentions (Doc. 11). Plaintiff did not file a response, and the time for doing so has expired.

The Court will grant Defendants' motion and terminate the action.

## I. Motion to Dismiss

Defendants assert that Plaintiff failed to properly exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. 10). In support, Defendants submit the affidavit of Juan Valenzuela, the SCC Grievance Coordinator (id., Ex. 2, Valenzuela Aff. ¶ 2). Valenzuela describes the multiple steps in the Corrections Corporation of America (CCA) grievance policy, which applies at the SCC facility (id. ¶¶ 1, 4, 6; Attach. A (CCA Policy 14-5, Inmate Grievance Procedures)). First, an inmate must attempt to resolve a problem informally by submitting a Request for Service (id. ¶¶ 12-13). If not satisfied with the response, the inmate may submit a Informal Resolution form (id. ¶ 14). If not satisfied with that response, the inmate may file a Formal Grievance with the Grievance Officer, whose decision may be appealed to the Warden (id. ¶¶ 17-18, 20). The Warden's decision is final (id. ¶ 21). Valenzuela avers that copies of the grievance procedures are available in the library and they are set forth in an Inmate Handbook that each inmate receives upon arrival at SCC (id. ¶ 7, Attach. B).

According to Valenzuela, Plaintiff's allegations against Defendants constitute a grievable matter under the grievance policy (id. ¶ 34). Valenzuela attests that upon review of the Inmate Grievance Log, there is no record that Plaintiff filed any Informal Resolutions or Formal Grievances related to the excessive-force allegations against Defendants (id. ¶¶ 34-35). Defendants argue that this demonstrates Plaintiff's failure to exhaust and warrants dismissal of his Complaint (Doc. 10 at 6-7).

## II. Exhaustion

### A. Legal Standard

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534

U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted). If a court finds that the plaintiff failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Wyatt, 315 F.3d at 1120.

**B.    Analysis**

As stated, Defendants must demonstrate that there were remedies available to Plaintiff. See id. at 1119; see also Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). Defendants submit evidence that SCC has an established grievance policy but that Plaintiff did not avail himself of it (Doc. 10, Ex. 2, Valenzuela Aff. ¶¶ 6, 12-21, 34; Attach. A).

Plaintiff indicated in his Complaint that as to his claim against Defendants, he submitted a request for administrative relief and appealed it to the highest level (Doc. 1 at 5 ¶ 5). But the Complaint form also asked Plaintiff that if he did not submit a request for relief or appeal it to the highest level, to explain why he did not (id.). In the space provided, Plaintiff wrote that he is illiterate and is denied access to the grievance procedures because policy prohibits inmates from assisting him (id.).[3] Defendants do not address this assertion in their motion.

Plaintiff's assertions in his Complaint are insufficient to overcome Defendants'

---

[3] Plaintiff states that another inmate violated policy to write out the Complaint for him (Doc. 1 at 6).

evidence of nonexhaustion. First, the claims in Plaintiff's Complaint are contradictory, indicating both that he grieved his complaint to the highest level and that he was denied access to the grievance system (Doc. 1 at 5 ¶ 5). Second, the evidence shows that contrary to Plaintiff's statement, other inmates or staff are permitted to assist him. In the grievance policy submitted by Defendants, it states that "assistance from a staff member or inmate/resident may be provided when necessary to communicate the problem on the grievance form" (Doc. 10, Ex. 1, Attach. A at 2 ¶ C). In addition, Valenzuela attests that if inmates have difficulty in understanding the grievance procedures, staff will explain the policy to inmates on an individual basis (id., Ex. 2, Valenzuela Aff. ¶ 7).

On the record before the Court, Defendants have met their burden to show that remedies were available, that Plaintiff could have sought assistance in filing a grievance, but that he failed to exhaust remedies. Defendants' Motion to Dismiss will therefore be granted.

### III. Lack of a Response

Alternately, the Court has the discretion under Local Rule of Civil Procedure 7.2(I) to deem Plaintiff's lack of response as consent to Defendants' motion. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (upholding dismissal based on failure to comply with local rule that failure to respond to a motion constitutes consent to granting of the motion). Plaintiff was warned of this possibility (Doc. 11). Before dismissal on this basis, the court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff. The Court does not discount Plaintiff's claim that he is illiterate; however, in failing to file anything in response to Defendants' motion or the Court's Notice, even if he could not articulate a response to Defendants' argument, Plaintiff fails to show a desire to prosecute this action. There is no risk of

prejudice to Defendants to resolve the motion in their favor, and judicial efficiency also favors resolution of this action. The fourth factor of favoring disposition of cases on their merits weighs in Plaintiff's favor, and for the fifth factor, dismissal without prejudice is the least drastic sanction.

Balancing the five factors, they weigh in Defendants' favor. Therefore, the Court will deem Plaintiff's lack of a response as a consent to the granting of the motion and dismiss the action without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 10).

(2) Defendants' Motion to Dismiss (Doc. 10) is **granted**; Plaintiff's action is dismissed without prejudice for failure to exhaust or, alternately, for failure to respond.

(3) The Clerk of Court must enter judgment of dismissal accordingly.

DATED this 6th day of July, 2011.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge